## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

**SHANNON L. CLARK,**
      **Plaintiff,**

**vs.**                            **Case No: 5:06cv140/RS/MD**

**PATRICIA FAWSETT, et al.,**
      **Defendants.**

___

### REPORT AND RECOMMENDATION

      **Plaintiff, a state prisoner proceeding** *pro se,* **commenced this action by filing a civil rights complaint under 42 U.S.C. § 1983.  (Doc. 1).  Upon review of the complaint, it is apparent that venue is not proper in the Panama City Division. Accordingly, this case should be transferred.**

      **Plaintiff is presently confined at Gulf Correctional Institution in Wewahitchka, Florida.  He names three defendants in this action: The Honorable Patricia Fawsett, Chief United States District Judge for the Middle District of Florida; Bernard Joseph McCabe, Jr., State Attorney for the State of Florida; and The Honorable David A. Demers, Chief Judge of the Sixth Judicial Circuit Court for Pinellas County, Florida. Plaintiff's allegations are vague and difficult to decipher.  He states that "this action began on March 19, 2001,[1] and started on the bad faith of State Attorney Bernie McCabe, and only recently involved federal officials in conspiracy with county judges and others."  (Doc. 1, p. 7).  Plaintiff complains that Chief Judge Fawsett "failed to take action," and that Chief Judge Demers "may or may not be sued" until plaintiff further investigates this case.  In the "Statement of Claims" section of the**

___

[1]This date coincides with the "offense date" of an offense for which plaintiff was convicted in Pinellas County, Florida.  *See* www.dc.state.fl.us.

complaint form, plaintiff states that the defendants acted pursuant to *Hindes v. Federal Deposit Insurance Corp.*, 137 F.3d 148 (3rd Cir. 1998),[2] "for attempted felony murder, conspiracy and obstruction of justice against plaintiff without need or provocation, or in failing to intervene to prevent the misuse of Article 6 of the U.S. Constitution." (Doc. 1, p. 8). As relief, he seeks a declaratory judgment.

Venue for actions under 42 U.S.C. § 1983 is governed by 28 U.S.C. § 1391(b), which provides:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

*Id.* In the instant case, plaintiff states that Chief Judge Fawsett, State Attorney McCabe, and Chief Judge Demers are located in Orlando, Clearwater, and St. Petersburg, Florida, respectively. (Doc. 1, p. 2). All of these municipalities are within the Middle District. Further, the acts or occurrences forming the basis of the complaint apparently occurred in Orange and Pinellas counties, both of which are located within the Middle District.

Title 28 U.S.C. § 1404, the section governing change of venue, provides: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The decision to transfer an action pursuant to § 1404(a) is left to the "sound discretion of the district court and [is] reviewable only for an abuse of that discretion." *Roofing & Sheeting Metal Services v. La Quinta Motor Inns*, 689 F.2d 982, 985 (11th Cir. 1982). Such transfers may be made *sua*

---

[2] In *Hindes*, shareholders of a bank which was seized by the Pennsylvania Secretary of Banking and for which the FDIC was appointed receiver brought an action against the Secretary, the FDIC in its corporate and receivership capacities, and unidentified FDIC agents and employees, alleging that the defendants deprived them of their substantive due process rights and engaged in a conspiracy to close the bank. The shareholders asserted claims under 42 U.S.C. § 1983, *Bivens v. Six Unknown Federal Bureau of Narcotics Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), and the Administrative Procedure Act (APA).

*sponte* by the district court.  *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989);  *Robinson v. Madison*, 752 F.Supp. 842, 846 (N.D. Ill. 1990) ("A court's authority to transfer cases under § 1404(a) does not depend upon the motion, stipulation or consent of the parties to the litigation.");  *Empire Gas Corp. v. True Value Gas of Florida, Inc.*, 702 F. Supp. 783, 784 (W.D. Mo. 1989); *accord Roofing & Sheeting*, 689 F.2d at 991 n.14.

In analyzing the issue of proper venue in the context of  motions to dismiss under the federal doctrine of *forum non conveniens*, courts have looked to certain factors set forth by the United States Supreme Court relating to the private interest of the litigants and the public interest in the fair and efficient administration of justice.  *See Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-09, 67 S.Ct. 839, 843, 91, L.Ed. 1055 (1988), *superseded by statute on other grounds as explained in American Dredging Co. v. Miller*, 510 U.S. 443, 449, n.2, 114 S.Ct. 981, 986, n.2, 127 L.Ed.2d 285 (1994);[3] *accord Cowan v. Ford Motor Co.,* 713 F.2d 100, 103 (5th Cir. 1983).[4]  While

---

[3]In *American Dredging,* the Court explained:

> *Gilbert* held that it was permissible to dismiss an action brought in a District Court in New York by a Virginia plaintiff against a defendant doing business in Virginia for a fire that occurred in Virginia. Such a dismissal would be improper today because of the federal venue transfer statute, 28 U.S.C. § 1404(a): "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  By this statute, "[d]istrict courts were given more discretion to transfer . . . than they had to dismiss on grounds of *forum non conveniens*."  *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 253, 102 S.Ct. 252, 264, 70 L.Ed.2d 419 (1981).  As a consequence, the federal doctrine of *forum non conveniens* has continuing application only in cases where the alternative forum is abroad.

*American Dredging*, 510 U.S. at 449, n.2, 114 S.Ct. at 986, n.2.

[4]In *Cowan*, the Fifth Circuit explained the proper applicability of the doctrine of *forum non conveniens* in light of the enactment of section 1404(a):

> Section 1404(a) superseded the common law doctrine of *forum non conveniens* insofar as transfer to another federal district court is possible.  As the Supreme Court pointed out in *Norwood v. Kirkpatrick*, "the harshest result of the application of the old doctrine of *forum non conveniens*, dismissal of the action, was eliminated by the provision in § 1404(a) for transfer."  349 U.S. 29, 32, 75 S.Ct. 544, 546, 99 L.Ed. 789 (1955).

*Cowan*, 713 F.2d at 103 (additional citations omitted).

*forum non conveniens* would not apply in a case such as this where there exists an alternative federal forum in which this case could have been brought and to which this case may be transferred, the factors enunciated in *Gilbert*, which provide the basis for a court's analysis of the relative fairness and convenience of two alternative forums, are helpful in determining whether to effect a change in venue under section 1404(a).

> The factors set forth in *Gilbert* are as follows:
>
> [i]mportant considerations are the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all of the practical problems that make trial of a case easy, expeditious and inexpensive. . . .
>
> Factors of public interest also have [a] place in applying the doctrine. Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin. Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation. . . .

*Gilbert*, 330 U.S. at 508-09, 67 S.Ct. at 843.

In the instant case, the operative facts underlying this cause of action occurred within the Middle District; thus, attendance of witnesses and availability of sources of proof favor a transfer there. Moreover, this community appears to have no relation to the litigation at issue. Neither the private interests of the litigants nor the public interest in the administration of justice is even minimally advanced by venue being maintained in this district.[5]

For the reasons above, and because it appears obvious that plaintiff should have brought this action in the Middle District since that is the only available venue in which to proceed, this action should be transferred to the Middle District.

---

[5]Although the plaintiff's choice of forum is ordinarily given consideration, *Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955), "where the operative facts underlying the cause of action did not occur within the forum chosen by Plaintiff, the choice of forum is entitled to less consideration." *Windmere Corp. v. Remington Products, Inc.*, 617 F. Supp. 8, 10 (S.D. Fla. 1985).

Accordingly, it is respectfully RECOMMENDED:

That this case be TRANSFERRED to the United States District Court for the Middle District of Florida, and the clerk be directed to close this file.

DONE AND ORDERED this 12th day of July, 2006.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636;** *United States v. Roberts*, **858 F.2d 698, 701 (11th Cir. 1988).**